Hunt, J.,
delivered tbe opinion of the court:
Tie claimants sue to recover from the United States the sum of $109,051.07. They allege that they were largely engaged in the manufacture of building materials, &c., of iron, in tbe city of Buffalo, N. Y.; and that on the 15th of January, 1872, they entered into a contract in writing with the United States to fur-nisi and fix in place certain wrought and cast iron work and *216 materials for the new post-office then about to be erected in the city of New York. Particular descriptions of the work to be done, and minute details of the length, dimensions, and weight of the wrought and cast iron to be furnished, were contained in certain schedules, specifications, and plans which were constituted a part of the contract. The whole work was “to be completed and .put in place by July 4,1872.» The government was to pay the claimants $163,113.04 for their work and labor. Ninety per cent, of the value of the work was to be paid, from time to time, as it was delivered and put in place and accepted. This value was to be ascertained by the government superintendent ; and 10 per cent, óf the value was to be retained until the completion of the entire contract, and the approval and acceptance of the work by the superintendent.
The claimants allege that their original estimate for the work exceeded the contract price finally agreed upon by some $31,000 and that they were induced to reduce their estimate that amount by the consideration that the work was to be pressed to a lapid completion, and to be promptly paid for — thus securing to them, a certain and speedy return of the heavy outlay required by the contract.
The petition charges, and the findings establish, that the claimants proceeded promptly and faithfully in the discharge of the duties imposed upon them under their contract, expecting and preparing to complete their work within the time agreed upon. But they were interrupted in its execution by tie defendants; and the work was at first delayed, then ordered to be suspended, and finally to be entirely stopped, in consequeice of' a change of the plan of the building. Originally it had been designed to be three stories high with an attic. But it was afterwards determined to make it four stories high with an ittic. Whilst awaiting the appropriation necessary to this chmge, the claimants were not permitted to resume work until November, 1873.
In consequence of these delays, and the alterations arc! increase of labor and materials they entailed, the claimant are shown by the findings to be entitled to recover the sun of' $15,469.44, after allowing the counter-claim of the government, as adjusted by the findings.
This sum is composed in part of the damages sustained by the claimants from the refusal of the government to pemit *217 them to complete their contract within the period fixed by its terms. The government interposed unceasing delays from the date of its execution in January, 1872, until May, 1873. Then the entire suspension of the work was required, and the changes in the original plan finally determined on.
The claimants had a right to the full performance of the contract on the part of the government. This right they have neither waived nor forfeited. They have been deprived, through no fault of theirs, of the profits they might reasonably have expected to realize, and which the government also must have contemplated they would make, at the time the contract was formed. The measure of damages in the case of a contract thus radically violated is settled by law. The party should recover his gains prevented, as well as his losses sustained. (See Bulkley v. The United States, 7 C. Cls. R., 547, and the authorities there cited; Figh v. The United States, 8 ib., 320.)
The other items allowed by the findings rest upon grounds which seem to demand no additional explanation.
It is therefore ordered, adjudged, and decreed that the claimants do have and recover judgment for the sum of $15,469.44.